IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENDOBOTICS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 19-381-CFC |
| | ) |
| MEDROBOTICS CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**SCHEDULING ORDER**

This 8th day of July, 2019, ~~the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and~~ the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration, and where both parties agree to curtail discovery until after a claim construction ruling so as to narrow issues and save resources of the judicial system and the parties:

IT IS ORDERED that:

1. <u>Relevant Deadlines and Dates</u>. All relevant deadlines and dates established by this Order are set forth in the chart attached as Exhibit A.

2. <u>Rule 26(a)(1) Initial Disclosures</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) within ten days of the date of this Order.

3. <u>Disclosure of Asserted Claims and Infringement Contentions</u>. On or before August 16, 2019, a party claiming patent infringement shall serve on all parties a "Disclosure of Asserted Claims and Infringement Contentions." Separately for each opposing party, the "Disclosure of Asserted Claims and Infringement Contentions" shall contain the following information:

(a) Each claim of each asserted patent that is allegedly infringed by each opposing party, including for each claim the applicable statutory subsections of 35 U.S.C. §271 asserted;

(b) Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name or model number, if known. Each method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

(c) A chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(f), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

(d) For each claim alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described;

(e) Whether each limitation of each asserted claim is alleged to be present literally or under the doctrine of equivalents in the Accused Instrumentality;

(f) For any patent that claims priority to an earlier application, the priority date to which each asserted claim is alleged to be entitled;

(g) If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own or its licensee's apparatus, product, device, process,

method, act, or other instrumentality practices the claimed invention, the party shall identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim. Regardless of whether Endobotics intends to rely on it, Endobotics agrees to produce for inspection samples of each commercial device sold by Cambridge Endoscopic Devices referenced in Paragraph 9 of the Amended Complaint, along with source code, specifications, schematics, flow charts, artwork, formulas, instructions, videos and other documentation sufficient to show the construction and operation of each device to the extent possessed by Endobotics;

(h) The timing of the point of first infringement, the start of claimed damages, and the end of claimed damages; and

(i) If a party claiming patent infringement alleges willful infringement, the basis for such allegation.

4. <u>Document Production Accompanying Disclosure of Asserted Claims and Infringement Contentions</u>. With the "Disclosure of Asserted Claims and Infringement Contentions" on August 16, 2019, the party claiming patent infringement shall produce to each opposing party or make available for inspection and copying:

(a) A copy of the file history for each asserted patent;

(b) All documents evidencing ownership of the patent rights by the party asserting patent infringement;

(c) If a party identifies instrumentalities pursuant to paragraph 3(g) of this Order, documents sufficient to show the operation of any aspects or elements of such instrumentalities the patent claimant relies upon as embodying any asserted claims. The accused infringer will be permitted to inspect a sample of any such instrumentality at least two weeks before its invalidity contentions are due;

3

  (d) If a party identifies instrumentalities pursuant to paragraph 3(g) of this Order, documents sufficient to show marking of such embodying accused instrumentalities; and if the party wants to preserve the right to recover lost profits based on such products, the sales, revenues, costs, and profits of such embodying accused instrumentalities; and

  (e) All documents comprising or reflecting a F/RAND commitment or agreement with respect to the asserted patent(s).

  (f) The documents and information recited in Paragraph's 4(a), (b) and (f-i) of this Court's April 22, 2019 Scheduling Order for Patent Cases in Which Infringement is Alleged will be provided with Plaintiff's Amended Infringement Contentions or in response to discovery requests in the second phase of this litigation, whichever is earlier. If Plaintiff takes the position that it does not possess or have access to such documents and information, Plaintiff will provide an affidavit signed by a principal detailing efforts undertaken to locate it and the reason for lack of production.

  (g) The producing party shall separately identify by production number the documents that correspond to each category set forth in this paragraph. A party's production of a document as required by this paragraph shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102.

5. <u>Preliminary Invalidity Contentions</u>. On or before September 27, 2019, each party opposing a claim of patent infringement shall serve on all parties its "Invalidity Contentions" which shall contain the following information:

  (a) The identity of each item of prior art that the party alleges anticipates each asserted claim or renders the claim obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication shall be identified by its title, date of publication, and, where feasible, author and publisher. Each alleged sale or public

use shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. For pre-AIA claims, prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. For pre-AIA claims, prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

      (b)    Whether each item of prior art anticipates each asserted claim or renders it obvious. If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness;

      (c)    A chart identifying specifically where and how in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that such party contends is governed by 35 U.S.C. § 112(f), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

      (d)    Any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(b), or lack of enablement or insufficient written description under 35 U.S.C. § 112(a) of any of the asserted claims.

      (e)    Invalidity contentions will be preliminary in the following manner: (i) Medrobotics will identify in good faith what it believes to be its five (5) most relevant 35 U.S.C §102/103 prior art references or other prior art defenses it may assert, and comply with Paragraph 6(a) and (b).

(f) Final Invalidity Contentions will be served as specified in Exhibit A after the claim construction order.

6. <u>Document Production Accompanying Invalidity Contentions</u>. With the "Invalidity Contentions," unless modified below to an earlier date, the party opposing a claim of patent infringement shall produce or make available for inspection and copying:

(a) After entry of an appropriate Protective Order or on an attorneys' eyes only basis if a Protective Order is not entered, on or before August 1, 2019 Medrobotics will produce for inspection and copying, source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its Amended Complaint and an inspection of the Accused Instrumentality. . Discovery on willfulness and damages will take place during the second phase of litigation after the claim construction order;

(b) A copy or sample of the prior art identified pursuant to paragraph 5(a) that does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon shall be produced;

(c) The producing party shall separately identify by production number the documents that correspond to each category set forth in this paragraph.

(d) The documents and information recited in Paragraph's 6(c-e) of this Court's April 22, 2019 Scheduling Order for Patent Cases in Which Infringement is Alleged will be provided with Defendant's Amended Invalidity Contentions or in response to discovery requests in the second phase of this litigation, whichever is earlier.

7. <u>Amendment to Contentions</u>. The patent claimant may amend its contentions without leave once within thirty (30) days from the claim construction order. Medrobotics may supplement its invalidity contentions after the claim construction order without seeking leave of

6

the Court, with additional prior art references that it believes became relevant due to the Court's claim construction. Medrobotics will make the amendments 75 days after the claim construction order or 45 days after Endobotics amends its contentions, whichever is later. Notwithstanding this agreement for supplementation of its invalidity contentions after the claim construction order, Medrobotics agrees to promptly produce any prior art it considers to be relevant as soon as Medrobotics becomes aware of such art, and will not intentionally withhold prior art until after the claim construction order. Any other amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause. Non-exhaustive examples of circumstances that may, absent undue prejudice to the nonmoving party, support a finding of good cause include (a) recent discovery of material prior art despite earlier diligent search and (b) recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions. The duty to supplement discovery responses does not excuse the need to obtain leave of the Court to amend contentions.

8. <u>Joinder of Other Parties and Amendment of Pleadings</u>. The deadline for all motions to join other parties, and to amend or supplement the pleadings, shall be contemplated in conjunction with the discovery schedule to be entered for the second phase of litigation.

9. <u>Discovery</u>.

    (a) All discovery not provided for above is stayed until the second phase of litigation.

    (b) The parties will submit a proposed schedule for the remainder of the case no later than fourteen (14) days after the claim construction hearing.

    (c) The Court shall hold a Scheduling Conference, if necessary, after the parties' submission of the proposed schedule for the second phase of litigation.

10. <u>Pinpoint Citations</u>. Pinpoint citations are required in all briefing, letters, and concise statements of facts. The Court will ignore any assertions of controverted facts and controverted legal principles not supported by a pinpoint citation to, as applicable: the record, an attachment or exhibit, and/or case law or appropriate legal authority. *See United States v. Dunkel,* 927 F.2d 955, 956 ("Judges are not like pigs, hunting for truffles buried in briefs.").

11. <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within fourteen days from the date of this Order.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

12. <u>Disputes Relating to Discovery Matters and Protective Orders</u>. Should counsel find they are unable to resolve a dispute relating to a discovery matter or protective order, the parties shall contact the Court's Case Manager to schedule an in-person conference/argument.

(a) Unless otherwise ordered, by no later than 72 hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and the party's position on those issues. The party shall submit as attachments to its letter (1) an averment of counsel that the parties made a reasonable effort to resolve the dispute and that such effort included oral communication that involved

8

Delaware counsel for the parties, and (2) a draft order for the Court's signature that identifies <u>with specificity</u> the relief sought by the party. The party shall file concurrently with its letter a motion that in no more than one paragraph sets forth the relief sought.

(b) By no later than 48 hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.

(c) Two hard copies of the parties' letters and attachments must be provided to the Court within one hour of e-filing the document(s). The hard copies shall comply with paragraphs 10 and 14 of this Order.

(d) If a motion concerning a discovery matter or protective order is filed without leave of the Court that does not comport with the procedures set forth in this paragraph, the motion will be denied without prejudice to the moving party's right to bring the dispute to the Court through the procedures set forth in this paragraph.

13. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to the Clerk an original and two copies of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

14. <u>Hard Copies</u>. The parties shall provide to the Court two hard copies of all letters filed pursuant to paragraph 12 of this Order, all briefs, and any other document filed in support of any such letters and briefs (i.e., the concise statement of facts filed pursuant to paragraph 19 of this Order, appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal. Exhibits and attachments shall be separated by tabs. Each exhibit and attachment shall have page numbers of some sort such that a particular page of an exhibit or attachment can be identified by a page number. The parties shall take all practical measures to avoid filing multiple copies of the same exhibit or attachment. The parties should highlight the text of

exhibits and attachments they wish the Court to read. The parties are encouraged to include in an exhibit or attachment only the pages of the document in question that (1) identify the document (e.g., the first page of a deposition transcript or the cover page of a request for discovery) and (2) are relevant to the issue(s) before the Court.

15. <u>Claim Construction Issue Identification</u>. On or before October 4, 2019, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than October 11, 2019. The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to cfc_civil@ded.uscourts.gov. The text for the Joint Claim Construction Chart shall be 14-point and in Times New Roman or a similar typeface. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A separate text-searchable PDF of each of the patent(s) in issue shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument. Each party shall file concurrently with the Joint Claim Construction Chart a "Motion for Claim Construction" that requests the Court to adopt the claim construction position(s) of that party set forth in the Joint Claim Construction Chart. The motion shall not contain any argument and shall simply state that the party "requests that the Court adopt the claim construction position[s] of [the party] set forth in the Joint Claim Construction Chart (D.I. [ ])."

16. <u>Claim Construction Briefing</u>. The Plaintiff shall serve, but not file, its opening brief, not to exceed 5,500 words, on October 25, 2019 and any expert declaration it intends to rely on.

The Defendant shall serve, but not file, its answering brief, not to exceed 8,250 words, on November 22, 2019 and any expert declaration it intends to rely on. The Plaintiff shall serve, but not file, its reply brief, not to exceed 5,500 words, on December 12, 2019. The Defendant shall serve, but not file, its sur-reply brief, not to exceed 2,750 words, on December 18, 2019. The text for each brief shall be 14-point and in Times New Roman or a similar typeface. Each brief must include a certification by counsel that the brief complies with the type and number limitations set forth above. The person who prepares the certification may rely on the word count of the word-processing system used to prepare the brief.

No later than December 20, 2019, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their untitled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

## JOINT CLAIM CONSTRUCTION BRIEF

I. Agreed-upon Constructions

II. Disputed Constructions

    A. [TERM 1]

        1. Plaintiff's Opening Position
        2. Defendant's Answering Position
        3. Plaintiff's Reply Position
        4. Defendant's Sur-Reply Position

    B. [TERM 2]

        1. Plaintiff's Opening Position
        2. Defendant's Answering Position
        3. Plaintiff's Reply Position
        4. Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in

a Joint Appendix. Citations to intrinsic evidence shall be set forth in the Joint Claim Construction Brief. Citations to expert declarations and other extrinsic evidence may be made in the Joint Claim Construction Brief as the parties deem necessary, but the Court will review such extrinsic evidence only if the Court is unable to construe the disputed claim terms based on the intrinsic evidence. *See Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1584 (Fed. Cir. 1996). Declarations shall not contain legal argument or be used to circumvent the briefing word limitations imposed by this paragraph. The Joint Claim Construction Brief and Joint Appendix shall comply with paragraphs 10 and 14 of this Order.

17. <u>Experts.</u> Any depositions of experts submitting declarations in support of claim construction will occur on or before December 6, 2019.

18. <u>Hearing on Claim Construction</u>. Beginning at _9:00 a.m., April 1, 2020_ .m. on the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done by joint letter submission no later than the date on which the joing claim construction brief is due to be filed, i.e., December 20, 2019), the parties shall not present testimony at the argument. Also, if the parties request that argument shall exceed a total of three hours, they will explain to the Court how much additional time is needed and why. Further, if the parties contemplate a tutorial prior to the argument, they must request it by no later thanDecember 20 2019, and explain the proposed nature and length of it. The parties commit to work together to keep the claim construction hearing as concise and efficient as possible.

19. <u>Applications by Motion</u>. No dispositive motions will be filed until after the second scheduling conference. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

20.  <u>ADR Process</u>. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

_____
The Honorable Colm F. Connolly
United States District Court Judge

**Exhibit A**

| Schedule Deadline | Description |
|---|---|
| Initial Disclosures | Within ten (10) days of the Scheduling Order |
| Compliance with Paragraph 6(a) | On or before August 1, 2019 |
| Compliance with Paragraphs 3 and 4 (Infringement Contentions), including Paragraphs 3(g) and 4(c) | On or before August 16, 2019 |
| Compliance with Paragraphs 5 and 6 (Invalidity Contentions) | On or before September 27, 2019 |
| Exchange of Terms for Claim Construction | October 4, 2019 (served not filed) |
| Joint Claim Construction Chart | October 11, 2019 (filed) |
| Plaintiff's Opening Claim Construction Brief | October 25, 2019 (served not filed) |
| Defendant's Answering Claim Construction Brief | November 22, 2019 (served not filed) |
| Deadline for Claim Construction Expert Depositions | December 6, 2019 |
| Plaintiff's Reply Claim Construction Brief | December 12, 2019 (served not filed) |
| Defendant's Sur-Reply Claim Construction Brief | December 18, 2019 (served not filed) |
| Deadline to request testimony at claim construction hearing, extra time or tutorial | December 20, 2019 |
| Joint Claim Construction Brief | December 20, 2019 |
| Claim construction Hearing | As scheduled by the Court |
| Parties to propose schedule for remainder of case | Fourteen (14) days after the claim construction hearing |
| Plaintiff to amend infringement contentions | Thirty (30) days after the claim construction order |
| Scheduling Conference | After receipt of the proposed schedule for the second phase of litigation. |