IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ENDOBOTICS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-381-CFC |
| | ) | |
| MEDROBOTICS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## SECOND AMENDED COMPLAINT

Plaintiff Endobotics, LLC ("Endobotics"), hereby alleges for its Complaint for Patent Infringement against Medrobotics Corporation ("Medrobotics" or "Defendant") on personal knowledge as to its own activities and on information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1.      This action arises under 35 U.S.C. § 271 for Defendants' infringement of Endobotics' U.S. Patent Nos. 7,147,650 and 7,708,758 (attached hereto as Exhibits A-B, respectively).

## PARTIES

2.      Plaintiff Endobotics is a Delaware limited liability company with a registered agent located at 160 Greentree Drive, Suite 101, Dover, Delaware 19904.

3.      Defendant Medrobotics is a Delaware corporation with a place of business at 475 Paramount Drive, Raynham, Massachusetts 02767.

## JURISDICTION AND VENUE

4.      This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35 of the United States Code, §§ 100, et seq.

5.      Subject matter jurisdiction over Endobotics' claims is conferred upon this Court by 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (patent jurisdiction).

6.      This Court has personal jurisdiction over Defendant Medrobotics because, upon information and belief, Medrobotics is incorporated under the laws of the State of Delaware and has a registered agent for service of process in Delaware.

7.      This Court also has personal jurisdiction over Medrobotics because, upon information and belief, Medrobotics markets, sells, and/or offers for sale the Accused Products (defined in the Infringement Contentions provided to Defendants) nationally, including to Delaware, and therefore, Medrobotics has established minimum contacts with this forum and regularly conducts business in in this forum, demonstrating that Medrobotics has continuous and systematic contacts with Delaware. The exercise of personal jurisdiction comports with

Medrobotics' right to due process, because it has purposefully availed itself of the privilege of conducting activities nationally, including within the District of Delaware, such that it should reasonably anticipate being hailed into court here.

8.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) and § 1400(b) at least because Defendant Medrobotics is a Delaware corporation, and upon information and belief, transacts business within this district, and has committed acts in this district that infringe U.S. Patent Nos. 7,147,650 and 7,708,758.

## BACKGROUND

9.     Endobotics' predecessor-in-interest, Cambridge Endoscopic Devices, Inc. ("Cambridge"), developed and manufactured minimally invasive surgical tools.  For example, Cambridge developed a surgical instrument that increases the manipulative ability of a surgical tool affixed to the end of the surgical instrument. Recognizing their value to laparoscopic surgery as well as trans-oral and trans-anal surgery, Endobotics acquired the patents-in-suit and Cambridge's know-how and trade secrets when Cambridge went bankrupt.

10.     Medrobotics manufactures and sells a single-port surgery solution with a highly articulated multi-linked scope, providing a single-port approach with increased maneuverability.  (See https://medrobotics.com/gateway/flex-robotic-system/).  This product incorporates the features claimed in numerous claims in

Endobotics' patents.  Since at least early 2017, Medrobotics has known about Endobotics' patents.  Endobotics sent Medrobotics numerous letters and claim charts, in which Endobotics informed Medrobotics in detail that their product incorporates a number of features claimed in Endobotics' patents.

11.     Upon information and belief, Defendant designed and manufactured their product with Design Standards Corporation of Charlestown, New Hampshire, the same company used by Cambridge to design and manufacture Cambridge's surgical tools. Defendant's surgical tool looks substantially similar to Cambridge's surgical instrument that was previously on the market.  Design Standards Corporation had access to the know how and trade secrets of Cambridge that are now owned by Endobotics. Given the similarity of Medrobotic's products to Cambridge's products, discovery may show that Endobotic's know how and trade secrets were misappropriated by Design Standards and/or Medrobotics.

12.     Defendant has refused to negotiate in good faith to avoid this lawsuit. Even after Endobotics presented detailed claim charts highlighting the elements of the Endobotics patents and mapping them to elements of the Medrobotics product, Defendant refused to substantive discuss a license to cure the infringement.  To date, even after the lawsuit, Medrobotics refuses to consider a license.

## COUNT 1:  INFRINGEMENT OF U.S. PATENT NO. 7,147,650

13.     Endobotics re-alleges and incorporates the allegations in each of the preceding paragraphs as if fully set forth herein.

14.     United States Patent No. 7,147,650 ("the '650 patent"), entitled "Surgical Instrument," was duly and legally issued by the U.S. Patent and Trademark Office on December 12, 2006.  Endobotics is the owner by assignment of all right, title and interest in and to the '650 patent, including all right to recover for any and all infringement thereof.  All necessary maintenance fees for the '650 patent have been timely paid in full.  The '650 patent is valid and enforceable.  A true and correct copy of the '650 patent is attached as Exhibit A.

15.     Infringement contentions for the '650 Patent, which are incorporated herein by reference, have been provided to Defendant's counsel but not filed with the Court due to the Highly Confidential information contained therein.

16.     Therefore, at least one Accused Products meet all of the limitations of at least claims 4, 6-8, 10, 31, 34, 36, 38, 41, 44, 46, 48, 60, 65-66, and 73-74, literally or under the doctrine of equivalents.

## COUNT 2:  INFRINGEMENT OF U.S. PATENT NO. 7,708,758

17.     Endobotics re-alleges and incorporates the allegations in each of the preceding paragraphs as if fully set forth herein.

18.     United States Patent No. 7,708,758 ("the '758 patent"), entitled "Surgical Instrument," was duly and legally issued by the U.S. Patent and Trademark Office on May 4, 2010.  Endobotics is the owner by assignment of all right, title and interest in and to the '758 patent, including all right to recover for any and all infringement thereof.  All necessary maintenance fees for the '758 patent have been timely paid in full.  The '758 patent is valid and enforceable.  A true and correct copy of the '758 patent is attached as Exhibit B.

19.     Infringement contentions for the '758 Patent, which are incorporated herein by reference, , have been provided to Defendant's counsel but not filed with the Court due to the Highly Confidential information contained therein.

20.     Therefore, the Accused Products meet all of the limitations of at least claims 1, 9, and 13-19, literally or under the doctrine of equivalents.

## Willful Infringement

21.     Endobotics re-alleges and incorporates the allegations in each of the preceding paragraphs as if fully set forth herein.

22.     Upon information and belief, all of Defendant's infringing activities have been done with knowledge, understanding and appreciation of the '650 patent and the '758 patent, and the rights in the surgical instrumentation these patents bestow on Endobotics.

23.     Upon information and belief, Defendant has known about the '650 patent and the '758 patent, and their pertinence to their business activities, for several years.

24.     For at least the past two years, rejecting all offers to discuss a license, Defendant has continued in a course of conduct without taking sufficient steps to ensure the non-infringement of the '650 patent and the '758 patent by, inter alia, continuing to sell, offer for sale and manufacture products whose use in the manner directed by Defendant infringes the '650 patent and the '758 patent.

25.     Upon information and belief, Defendant instructed their designer and manufacturer, Design Standards Corporation, to design the infringing product, based on the specifications of the Cambridge surgical instrument, as well as the '650 patent and '758 patent.

26.     Defendant's actions in spite of continued warnings by Endobotics evidence a willful disregard of Endobotics' rights vis-à-vis the '650 patent and the '758 patent and a desire to profit irrespective of U.S. patent laws.

27.     Defendant's acts of infringement have caused and will continue to cause substantial and irreparable damage to Endobotics.

## **DAMAGES**

28.     On information and belief, 35 U.S.C. § 287(a) was complied with at all relevant times.

29.     Endobotics has sustained damages as a direct and proximate result of Defendants infringement of the '650 patent and the '758 patent.

30.     As a consequence of Defendant's past infringement of the '650 patent, and the '758 patent, Endobotics is entitled to the recovery of past damages in the form of, at a minimum, a reasonable royalty.

31.     As a consequence of Defendant's continued and future infringement of the '650 patent and '758 patent, Endobotics is entitled to royalties for its infringement of the '650 patent and '758 patent on a going-forward basis.

32.     Because Defendant's infringement of the '650 patent and '758 patent has been and continues to be willful, Endobotics is entitled to treble damages.

## PRAYER FOR RELIEF

33.     WHEREFORE, Endobotics respectfully requests that this court enter judgment against Defendants as follows:

A.     Adjudging that Defendants have infringed at least 4, 6-8, 10, 31, 34, 36, 38, 41, 44, 46, 48, 60, 65-66, and 73-74 of the '650 patent, and claims 1, 9, and 13-19 of the '758 patent, in violation of 35 U.S.C. §§ 271(a) and (b);

B.     An award of damages to be paid by Defendants adequate to compensate Endobotics for Defendant's past willful infringement and any continuing or future infringement up until the date such judgment is entered, and in no event less than a reasonable royalty, including interest, costs and disbursements

pursuant to 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendant's infringement, an accounting of all infringing sales including without limitation those sales not presented at trial;

      C.    Ordering an injunction or for Defendant to continue to pay royalties to Endobotics for infringement of the '650 patent and '758 patent, on a going-forward basis at an increased amount to account for willfulness;

      D.    Awarding Endobotics treble damages based on any infringement to be willful pursuant to 35 U.S.C. § 284;

      E.    Adjudging that Defendant willfully infringed the patents-in-suit and this case be exceptional under 35 U.S.C. § 285 and awarding enhanced damages, including costs and attorneys' fees, to Endobotics;

      F.    Awarding Endobotics pre-judgment and post-judgment interest at the maximum rate permitted by law on its damages; and

      G.    Granting Endobotics such further relief as this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Endobotics, LLC demands a trial by jury on all claims and issues so triable.

                                        /s/ John W. Shaw
                                        John W. Shaw (No. 3362)
                                        SHAW KELLER LLP
                                        I.M. Pei Building
                                        1105 North Market Street, 12th Floor
                                        Wilmington, DE 19801
OF COUNSEL:                             (302) 298-0700
Joseph M. Casino                        jshaw@shawkeller.com
Rikesh Patent                           *Attorneys for Plaintiff*
WIGGIN AND DANA LLP
437 Madison Avenue, 35th Floor
New York, NY 10022
(212) 490-1700

Benjamin M. Daniels
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
New Haven, CT 06510

Dated:  December 11, 2019