IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENDOBOTICS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> MEDROBOTICS CORPORATION, <br><br> Defendant. | C.A. No. 1:19-cv-00381-CFC <br><br> JURY TRIAL DEMANDED |

**ANSWER TO SECOND AMENDED COMPLAINT**

Defendant Medrobotics Corporation ("Medrobotics"), by and through its counsel, hereby answers and responds to each of the allegations in the Second Amended Complaint for Patent Infringement ("Complaint") of Plaintiff Endobotics, LLC ("Endobotics" or "Plaintiff") (D.I. 30), as follows:

**NATURE OF THE ACTION**

1. Medrobotics admits that Endobotics purports to bring this action under 35 U.S.C. § 271. Medrobotics denies any remaining allegations in Paragraph 1 of the Complaint.

**PARTIES**

2. Medrobotics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and therefore denies same.

3. Admitted.

**JURISDICTION AND VENUE**

4. Medrobotics admits that Endobotics purports to bring this action under Title 35 of the United States Code. Medrobotics denies the remaining allegations in Paragraph 4 of the Complaint including all allegations of patent infringement.

1

5. Paragraph 5 states a legal conclusion to which no response is required. To the extent a response is required Medrobotics denies all allegations in Paragraph 5 of the Complaint.

6. Paragraph 6 states a legal conclusion to which no response is required. To the extent a response is required Medrobotics does not contest that this Court has personal jurisdiction over Medrobotics solely with respect to Endobotics' allegations of patent infringement. Medrobotics denies all remaining allegations in Paragraph 6 of the Complaint.

7. Paragraph 7 states a legal conclusion to which no response is required. To the extent a response is required Medrobotics denies all allegations in Paragraph 7 of the Complaint.

8. Paragraph 8 states a legal conclusion to which no response is required. To the extent a response is required Medrobotics denies all allegations in Paragraph 8 of the Complaint.

## BACKGROUND

9. Medrobotics lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 of the Complaint and therefore denies same.

10. Medrobotics admits the first sentence of Paragraph 10. Medrobotics denies the allegations in the second sentence of Paragraph 10. Medrobotics admits that in 2017, Endobotics attempted to engage in a negotiation with Medrobotics regarding certain patents. Medrobotics denies the remainder of the allegations in Paragraph 10.

11. Medrobotics admits that Design Standards Corporation manufactures the Flex® instrument. Medrobotics denies the remaining allegations of Paragraph 11 of the Complaint.

12. Denied.

## COUNT 1: INFRINGEMENT OF U.S. PATENT NO. 7,147,650

13. Medrobotics incorporates by reference its answer to Paragraphs 1 to 12 of the Complaint, as if set forth fully herein.

14. Medrobotics admits that a document that appears to be a copy of the '650 Patent is attached as Exhibit A to the Complaint. Medrobotics lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Complaint and therefore denies same.

15. Medrobotics admits that Endobotics' counsel provided Medrobotics' counsel with documents purporting to be infringement contentions for the '650 patent. Medrobotics denies the sufficiency of the alleged infringement contentions.

16. Denied.

### COUNT 2: INFRINGEMENT OF U.S. PATENT NO. 7,708,758

17. Medrobotics incorporates by reference its answer to Paragraphs 1 to 16 of the Complaint, as if set forth fully herein.

18. Medrobotics admits that a document that appears to be a copy of the '758 Patent is attached as Exhibit B to the Complaint. Medrobotics lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Complaint and therefore denies same.

19. Medrobotics admits that Endobotics' counsel provided Medrobotics' counsel with documents purporting to be infringement contentions for the '758 patent. Medrobotics denies the sufficiency of the alleged infringement contentions.

20. Denied.

### Willful Infringement

21. Medrobotics incorporates by reference its answer to Paragraphs 1 to 20 of the Complaint, as if set forth fully herein.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

## DAMAGES

28. Medrobotics lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 of the Complaint and therefore denies same.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

## PRAYER FOR RELIEF

33. Medrobotics hereby incorporates its responses to Paragraphs 1-32 of the Complaint and denies that Endobotics is entitled to any relief or judgment whatsoever, including from Medrobotics, either as prayed for in the Complaint or otherwise.

## AFFIRMATIVE AND OTHER DEFENSES

Further to answering the Complaint, Medrobotics asserts the following defenses without assuming the burden of proof where such burden would otherwise be on the Plaintiff. Medrobotics reserves the right to assert additional defenses as further information is obtained.

## FIRST DEFENSE
### (Non-Infringement)

Medrobotics has not infringed, either literally or under the doctrine of equivalents, any valid and enforceable claim of United States Patent Nos. 7,147,650 ("the '650 Patent"), and 7,708,758 ("the '758 Patent").

## SECOND DEFENSE
### (Invalidity)

Endobotics' purported infringement allegations are barred because the claims of the '650 Patent, and the '758 Patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and 112.

## THIRD DEFENSE
### (Prosecution History Estoppel)

Endobotics' claims are barred in whole or in part by the doctrine of prosecution history estoppel. The arguments and amendments made during the prosecution of the '650 Patent and the '758 Patent limit the scope of the claims of those patents, thus barring Endobotics' allegations of infringement, whether literally or under the doctrine of equivalents.

## FOURTH DEFENSE
### (Damages and Costs Statutory Limitation)

The provisions of 35 U.S.C. §§ 286, 287, and 288 provide a statutory limitation on Endobotics' claims for damages and costs, if any.

## FIFTH DEFENSE
### (No Irreparable Harm and Adequate Remedies are Law)

Endobotics' Complaint fails to state a claim for which injunctive relief should be granted because Endobotics has adequate remedies at law. Endobotics' alleged injury as a result of Medrobotics' alleged conduct is not imminent or irreparable and could not have resulted in imminent or irreparable harm to Endobotics.

## SIXTH DEFENSE
### (Failure to State a Claim)

Endobotics' Complaint fails to state any claim against Medrobotics upon which relief may be granted.

## SEVENTH DEFENSE
### (Equitable Defenses)

Endobotics' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and/or unclean hands.

## EIGHTH DEFENSE
### (No Entitlement to Attorney's Fees)

Endobotics' cannot prove this is an exceptional case and is therefore precluded from seeking recovery of their attorneys' fees under the provisions of 35 U.S.C. § 285.

## COUNTERCLAIMS

Counterclaim-Plaintiff Medrobotics Corporation ("Medrobotics") alleges as follows for its counterclaims against Counterclaim-Defendant Endobotics, LLC ("Endobotics"):

## PARTIES

1. Medrobotics is a corporation organized under the laws of the State of Delaware with a principle place of business at 475 Paramount Drive, Raynham, Massachusetts 02767.

2. On information and belief, Endobotics is a limited liability company with a registered agent located at 160 Greentree Drive, Suite 101, Dover, Delaware 19904.

## JURISDICTION AND VENUE

3. These counterclaims arise under the patent laws of the United States, 35 U.S.C. § 101 et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 2201, 2202, 1331, and 1338.

4. This Court has personal jurisdiction over Endobotics because, upon information and belief, Endobotics is a Delaware limited liability company with a registered agent for service of process in Delaware.

5. This Court also has personal jurisdiction over Endobotics because Endobotics is the named plaintiff and consented to the jurisdiction of this Court by filing its Amended Complaint for patent infringement here, in response to which these counterclaims are asserted.

6. Venue is proper under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

**FIRST COUNTERCLAIM FOR DECLARATORY JUDGMENT
OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,147,650**

7. Medrobotics realleges and incorporates by reference Paragraphs 1-6 of these Counterclaims.

8. By virtue of the Second Amended Complaint (D.I. 30), an actual and justiciable controversy exists between Endobotics and Medrobotics relating to the '650 patent.

9. Medrobotics does not directly (either literally or under the doctrine of equivalents) or indirectly infringe any valid claim of the '650 patent.

10. Accordingly, Medrobotics requests that the Court declare that Medrobotics does not infringe any claims of the '650 patent, either directly (literally or under the doctrine of equivalents) or indirectly.

**SECOND COUNTERCLAIM FOR DECLARATORY JUDGMENT
OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,708,758**

11. Medrobotics realleges and incorporates by reference Paragraphs 1-10 of these Counterclaims.

12. By virtue of the Second Amended Complaint (D.I. 30), an actual and justiciable controversy exists between Endobotics and Medrobotics relating to the '758 patent.

13. Medrobotics does not directly (either literally or under the doctrine of equivalents) or indirectly infringe any valid claim of the '758 patent.

14. Accordingly, Medrobotics requests that the Court declare that Medrobotics does not infringe any claims of the '758 patent, either directly (literally or under the doctrine of equivalents) or indirectly.

## MEDROBOTICS' PRAYER FOR RELIEF

WHEREFORE, Medrobotics prays for judgment in its favor and against Endobotics as follows:

A. A declaratory judgment that Medrobotics does not infringe and has not infringed, directly (either literally or under the doctrine of equivalents) or indirectly, any claim of the patents-in-suit;

B. That Endobotics take nothing by its Complaint;

C That the Court enter judgment against Endobotics and in favor of Medrobotics and that the Complaint in this action be dismissed in its entirety, with prejudice;

D. That the Court deem this an exceptional case under 35 U.S.C. § 285 and award Medrobotics its costs and reasonable attorneys' fees; and

E. That the Court award Medrobotics any and all other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Medrobotics Corporation demands a trial by jury on all claims and issues so triable.

| | |
|---|---|
| Dated:  January 17, 2020 | DEVLIN LAW FIRM LLC<br><br>*/s/ Timothy Devlin*<br>Timothy Devlin (No. 4241)<br>1526 Gilpin Avenue<br>Wilmington, Delaware 19806<br>tdevlin@devlinlawfirm.com<br>Telephone: (302) 449-9010<br>Facsimile: (302) 353-4251<br><br>Suzanne M. Parker (admitted *pro hac vice*)<br>Parker Intellectual Property Law LLC<br>2758 Bon Haven Lane<br>Annapolis, MD 21401<br>Telephone: (443) 254-1857<br>Email: sparker@parkeripproplaw.com<br><br>***ATTORNEYS FOR DEFENDANT***<br>***MEDROBOTICS CORPORATION*** |

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

>  */s/ Timothy Devlin*
>  Timothy Devlin