IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENDOBOTICS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> MEDROBOTICS CORPORATION, <br><br> Defendant. | C.A. No. 1:19-cv-00381-CFC |

## MOTION FOR LEAVE TO WITHDRAW AS COUNSEL

Devlin Law Firm, LLC, Parker Intellectual Property Law, LLC, and their attorneys Timothy Devlin and Suzanne M. Parker (collectively "Movants") hereby move, pursuant to Rule 83.7 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware ("Local Rules") for an Order in the form attached hereto granting leave to withdraw as counsel for Defendant Medrobotics Corporation ("Medrobotics"). Medrobotics has not communicated any objection to this Motion.

In support of their Motion to Withdraw, Movants respectfully state as follows:

1. **Procedural Background**

In this patent infringement case, the original complaint alleged infringement of U.S. Patent Nos. 7,147,650 (the "'650 Patent") and 8,409,245 (the "'245 Patent"). (D.I. 1.) A Second Amended Complaint in this action was later filed on December 17, 2019 alleging infringement of the '650 Patent and U.S. Patent No. 7,708,758 (the "'758 Patent"), while removing the '245 Patent with prejudice. (D.I. 30.)

Due to the addition of the '758 Patent, the parties jointly stipulated to an extension of the deadlines in the Scheduling Order related to claim construction and agreed to submit a proposed

1

claim construction and briefing schedule once the Court entered a date for a claim construction hearing.  (D.I. 29.)  A claim construction hearing has been scheduled for November 12, 2020.  (D.I. 29.)  Medrobotics answered the Second Amended Complaint on January 17, 2020.  (D.I. 33.)  No briefing schedule for claim construction has been submitted or discussed between the parties.  Other than the limited discovery provided for in the Scheduling Order, all fact discovery has been stayed until after the claim construction hearing.  (D.I. 16.)

## 2. Legal Standards

As the withdrawal of Movants will leave Medrobotics without counsel by a member of the Delaware Bar for a period of time, pursuant to Local Rule 83.7, the decision as to whether to allow Movants to withdraw is within the discretion of the Court.  *See Sharp v. Verizon Del. Inc.*, No. 11-1209-RGA-CJB, 2012 U.S. Dist. LEXIS 179874, at *4 (D. Del. Dec. 12, 2012).  In the Third Circuit, there is no multi-factor test that a district court must apply to decide a motion for attorney withdrawal.  *Ohntrup v. Makina Ve Kimya Endustrisi Kurumu*, 760 F.3d 290, 295 (3d. Cir. 2014) ("Rules regarding attorney withdrawal are necessarily general because of the context-laden nature of such determinations.  The interests to be considered will vary widely from case to case.").

Pursuant to Local Rule 83.7, Movants bring this Motion following the provision of the same to representatives of Medrobotics more than 14 days ago.

## 3. Withdrawal Is Appropriate

Pursuant to Rule 1.16(b)(5) of the Delaware Lawyer's Rules of Professional Conduct, a lawyer may withdraw from representing a client if "the client fails to substantially fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled."  A lawyer may also withdraw for good cause.  *See* Del. Rules of Prof. Conduct 1.16(b)(7).  In this case Movants cannot continue

representation of Medrobotics due to a lack of payment of fees even after Medrobotics has been given multiple reasonable warnings.[1]

Movants and Plaintiff have met and conferred on this issue. Plaintiff believes that any Order that issues should specify a time period within which Medrobotics must obtain new counsel, and also require Movants to remain as counsel to Medrobotics until such time as new counsel is retained and enters an appearance. Movants disagree. Movants understand that Local Rule 83.7 does not include any such requirements, nor do Movants believe they are able to bind Medrobotics in the manner demanded by Plaintiff. If Plaintiff would like to impose a deadline for Medrobotics to obtain new counsel, it should separately move the Court for such an order.

### 4. Notice Requirements Are Complete

Pursuant to Local Rule 83.7, Movants served a draft of this motion on Medrobotics by certified mail addressed to Medrobotics' last known address on June 24, 2020. A copy of the receipt is attached as Exhibit A to the Declaration of Timothy Devlin submitted in support of this Motion to Withdraw. Movants also provided an electronic copy by email. Medrobotics has not communicated any objection to Movants' withdrawal.

As noted above, Movants conferred with counsel for Plaintiff pursuant to Delaware Local Rule 7.1.1 concerning this Motion to Withdraw and were unable to reach agreement. Accordingly, Movants respectfully request to be withdrawn as counsel for Defendant Medrobotics in this action.

---

[1] In order to maintain attorney-client privilege, Movants have not provided additional details in this filing regarding their communications with Medrobotics. Should the Court request additional information, Movants stand ready to provide it *in camera* at the Court's convenience.

Dated: July 13, 2020

DEVLIN LAW FIRM LLC

<u>/s/ Timothy Devlin</u>
Timothy Devlin (No. 4241)
1526 Gilpin Avenue
Wilmington, DE 19806
Phone: (302) 449-9010
tdevlin@devlinlawfirm.com

Suzanne M. Parker
PARKER INTELLECTUAL PROPERTY LAW LLC
2758 Bon Haven Lane
Annapolis, MD 21401
Phone: (443) 254-1857
Email: sparker@parkeriproplaw.com

*Attorneys for Defendant Medrobotics Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

*/s/ Timothy Devlin*
Timothy Devlin