IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENDOBOTICS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 19-381-CFC |
| | ) |
| MEDROBOTICS CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

Pending before me in this patent case is Plaintiff's motion for default judgment against Defendant Medrobiotics Corporation. D.I. 43.

There are three factors courts are to consider when deciding whether to enter a default judgment: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir.2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir.1984)).

Plaintiff filed its complaint on February 25, 2019 (D.I. 1), an amended complaint on April 30, 2019 (D.I. 8), and a second amended complaint on December 17, 2019 (D.I. 30). On January 17, 2020, Defendant answered the second amended complaint and asserted counterclaims of non-infringement. D.I.

32. Plaintiff answered Defendant's counterclaims on February 6, 2020. D.I. 33. On July 13, 2020, Defendant's counsel sought to withdraw due to lack of payment. D.I. 35 at 2-3. Counsel represented that Defendant had been provided with a copy of the motion to withdraw more than 14 days prior to filing the motion (i.e., no later than the end of June 2020). *Id.* at 2.

On August 14, 2020, I granted the motion to withdraw and ordered Defendant to "retain new counsel . . . no later than August 21, 2020." D.I. 39 at 2. I directed Defendant's counsel to send a copy of the order to Defendant by overnight courier within three business days of the order date. *Id.* at 1.

On August 27, 2020, Plaintiff moved pursuant to Federal Rule of Civil Procedure 55(a) for an order directing the Clerk of the Court to enter a default against Defendant. D.I. 40. I granted this motion and the Clerk entered a default against Defendant on September 2, 2020. D.I. 41. On September 17, 2020, Plaintiff filed its motion for default judgment pursuant to Rule 55(b).

On September 30, 2020, Samuel Straface, Defendant's President and CEO, sent a document to the Clerk of the Court titled "Medrobiotics Corporation's Motion to Vacate Entry of Default and Opposition to Motion for Entry of Default Judgment." D.I. 48. Straface, who is not a lawyer, asserted in the document that Medrobiotics was unable to meet the Court's deadline to retain new counsel "because the company doesn't have the money to pay counsel," that Straface "did

not pay as much attention to th[is] lawsuit as [he] should have," and that Medrobiotics "is optimistic" that it will secure funding "within the next several weeks" and "intends to hire new counsel" "[o]nce the funds are delivered." *Id.* at 2. As a corporation, Medrobiotics cannot represent itself, *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993), and Straface, a non-lawyer, cannot represent Medrobiotics, *Staub Design, LLC. See Van De Berg v. C.I.R.*, 175 Fed. Appx. 538, 541 (3d Cir. 2006). For that reason, I will strike Straface's document from the record.

Two months have passed since the Clerk received Straface's document. Medrobiotics has yet to retain counsel.

The relevant factors support entry of a default judgment in this case. Plaintiff will be prejudiced if default is denied, as it will be deprived of a substantial reasonable royalty that is supported by affidavits submitted by Plaintiff; Defendant does not appear to have a litigable defense; and Defendant's delay is due to culpable conduct, at the very least because its CEO, by his own admission, failed to give this matter the attention it deserved.

Accordingly, I will enter the default judgment requested by Plaintiff.

12-1-20
Date

_____
United States District Judge

3